**ADDISON SAVMOR, INC.,**
**Plaintiff-Appellee,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

**No. 79–3485.**

United States Court of Appeals,
Sixth Circuit.

June 8, 1981.

---

Carolyn A. Watts-Allen, Solomon Oliver, Jr., Asst. U. S. Attys., Cleveland, Ohio, for defendant-appellant.

Christopher F. Nardi, Cleveland, Ohio, for plaintiff-appellee.

Before EDWARDS, Chief Judge, LIVELY, Circuit Judge, and PECK, Senior Circuit Judge.

## ORDER

The government appeals from the judgment of the district court remanding this case to the Secretary of Agriculture for a reconsideration of the administrative sanction (a three year disqualification) imposed by the Secretary for violations of the Food Stamp Act. The district court found that serious violations had occurred and recognized that it lacked authority to review the sanction. However it based the remand on the fact that a new provision contained in the 1977 Food Stamp Act permits the Secretary to impose a civil monetary penalty if he determines that disqualification of a store in violation of the Act would cause hardship to food stamp recipients. 7 U.S.C. § 2021. The government maintains that the administrative decision was made prior to the effective date of the 1977 Act and that the district court should have decided the case on the provisions of the 1964 Act in effect at the time of the administrative decision and that the regulations in effect at that time should control.

The plaintiff-appellee argues that it should be accorded an opportunity to have an administrative officer consider the alternative penalty provisions contained in the 1977 Act which was in effect at the time of the district court's review. The court notes that the 1977 Act specifically provides that pending proceedings shall be disposed of pursuant to the 1964 Act and that regulations pursuant to that Act are to govern until such time as new regulations are promulgated pursuant to the 1977 Act.

Upon consideration of the briefs and oral arguments together with the record on appeal the court concludes that the district court erred in remanding this case to the Secretary of Agriculture. The provision for a civil monetary penalty was not applicable to the plaintiff whose violations occurred prior to the effective date of the 1977 amendment. *Kulkin v. Bergland,* 626 F.2d 181, 187 (1st Cir. 1980).

The judgment of the district court is reversed and the cause is remanded for entry of a judgment affirming the decision of the Secretary of Agriculture.